IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Laurie Hannah,                                )<br>                                                    )<br>                         Plaintiff,      )<br>                                                    )<br>v.                                                 )<br>                                                    )<br>Commissioner of Social Security   )<br>Administration,                           )<br>                                                    )<br>                         Defendant.   )<br>_____ ) | C/A No. 0:15-5008-TLW-PJG<br><br><br><br>**ORDER** |

    This matter is before the court on the filing of the plaintiff, Laurie Hannah, that the court has interpreted as a motion to recuse the assigned judges in his case. (ECF No. 27.) Finding no basis for recusal, the court denies Hannah's motion.

    Recusal of federal judges is generally governed by 28 U.S.C. § 455.[1] Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003). For purposes of this statute, the hypothetical "reasonable person" is not a judge, since judges, who are trained to regard matters impartially and are keenly aware of that obligation, "may regard asserted conflicts to be more innocuous than an outsider would." United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998). The "reasonable person" is a "well-

---

[1] Notably, § 455 largely tracks the language of Canon 3(C) of the Code of Conduct for United States Judges, which also governs recusal of federal judges.

Page 1 of 2



informed, thoughtful observer," but not one who is "hypersensitive or unduly suspicious." In re Mason, 916 F.2d 384, 386 (7th Cir. 1990).

Section 455(a) does not require recusal "simply because of unsupported, irrational or highly tenuous speculation," or because a judge "possesses some tangential relationship to the proceedings." Cherry, 330 F.3d at 665 (internal quotation omitted).  The Fourth Circuit recognizes that overly cautious recusal would improperly allow litigants to exercise a "negative veto" over the assignment of judges simply by hinting at impropriety.  DeTemple, 162 F.3d at 287.  Recusal decisions under § 455(a) are "fact-driven and may turn on subtleties in the particular case." United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008).

Here, Hannah simply requests that the assigned judge "excuse himself."  (ECF No. 27.) Hannah provides no basis whatsoever for his motion, and the court gleans none from the record. Accordingly, it is

**ORDERED** that the plaintiff's motion to recuse is denied.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 23, 2016
Columbia, South Carolina